**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRENE THOMAS, | No. 08-17611 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-06059-WHA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security of the United States of America, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted April 16, 2010[**]
San Francisco, California

Before: TASHIMA and THOMAS, Circuit Judges, and STAFFORD, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

Irene Thomas appeals the district court's adverse summary judgment upholding the Commissioner of Social Security's denial of her application for disability benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm the district court's order.

A district court's order affirming denial of benefits is reviewed de novo. *Vasquez v. Astrue*, 572 F.3d 586, 590 (9th Cir. 2009). We must uphold the Commissioner's decision to deny benefits unless it is based on legal error or is not supported by substantial evidence. *Id.* at 591. Because the factual and procedural background is familiar to the parties, we do not recount it here.

In her application, Thomas alleged disability due to bilateral carpal tunnel syndrome, wrist tendinitis, de Quervain's tenosynovitis, and bilateral medical epicondylitis. At Step 5 of the sequential evaluation process, the administrate law judge ("ALJ") found that Thomas could perform a significant number of jobs existing in the national and regional economies and was, therefore, not disabled within the meaning of the Act. We conclude that the ALJ's decision was supported by substantial evidence and was not based on legal error. Indeed, even if we were to assume—for the sake of argument—that Thomas's claims of error have

merit, we would nonetheless conclude that the record supports the Commissioner's decision to deny benefits.

**AFFIRMED.**